IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

SHARON ANDERSON,

   Plaintiff,

v.                                          CIVIL ACTION NO.: 4:05cv243-M-B

OCWEN FINANCIAL CORPORATION;
LITTON LOAN SERVICING, LLP; FINANCE
AMERICA, LLC; WILLY WILSON
INSURANCE AGENCY; LANDSURE TITLE
LLC; COMPONENTS-BASED ASSETS
SERVICING AND SECURITIZATION, LLC;
CHASE HOME FINANCE, LLC; FAMILY
MORTGAGE COMPANY, LLC; MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS,
INC.; BILL ATKINSON, PEGGY
CLAYBORNE; UNIDENTIFIED
INDIVIDUALS A-Z; and UNIDENTIFIED
COMPANIES A-Z

   Defendants.

## ORDER

      This cause comes before the court on the motion of plaintiff Sharon Anderson to remand this case to the Circuit Court of Lefore County, Mississippi. Defendants have responded in opposition to the motion, and the court, having considered the memoranda and submissions of the parties, concludes that the motion is well taken and should be granted.

      The sole basis for removing this case was the preemptive effect of the National Bank Act, 12 U.S.C. § 85, as applied to plaintiff's claims against (former) defendant Chase Home Finance, LLC ("Chase"). Chase has since been dismissed with prejudice from this case, and plaintiff argues that any federal jurisdiction which even arguably existed no longer exists. After reviewing the pleadings in this case, this court is not persuaded that the complaint in this case ever sufficiently alleged violations of state usury laws to implicate the complete preemption doctrine set forth in the U.S. Supreme Court's decision of *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 123 S. Ct. 2058 (2003). In its notice of removal, Chase cited only one sentence of plaintiff's complaint in support of its allegations of National Bank Act preemption. Specifically,

1

Chase relied upon the complaint's allegation that:

> Excessively high and/or false points, closing costs, and service charges were also charged by Defendant Finance Companies to bloat the loans.

In the court's view, this one sentence of the complaint does not sufficiently allege a state law claim of usury so as to fall within the U.S. Supreme Court's limited holding in *Anderson.*

In *Anderson*, the U.S. Supreme Court emphasized that the complaint in that case "expressly charged petitioners with usury," and the Court concluded that the National Bank Act provided the exclusive cause of action for usury claims against national banks. *Anderson*, 539 U.S. at 9. Recognizing the limited scope of the complete preemption doctrine, district courts have shown some reluctance to conclude that a complaint sufficiently alleges usury so as to fall within the scope of NBA preemption. *See Jenkins v. MBNA,* 4:02CV418LN (S.D. Miss. 2003) ("In this case, plaintiffs do not allege that the interest rates charged by MBNA were usurious under the law of any state nor do they allege that the rates themselves were *per se* unlawful or excessive."); *Hunter v. Beneficial National Bank USA*, 947 F.Supp. 446, 451 (M.D. Ala. 1996)(same). This court similarly concludes that the complaint in this case never sufficiently alleged violations of state usury laws so as to support federal question jurisdiction under *Anderson*. In the court's view, allegations of "[e]xcessively high and/or false points, closing costs and service charges" with no mention of "usury" does not constitute a state law usury claim for complete preemption purposes. Indeed, plaintiff's complaint made these allegations under the heading of "mortgage fraud and negligence," and it is apparent that plaintiff sought to recover against Chase for fraud and negligence, rather than usury.[1]

In light of the foregoing, the court concludes that federal jurisdiction never existed in this case. Even if the court were to assume *arguendo* that such jurisdiction at one time existed (which it did not), then the court would still conclude that remand was in order in light of Chase's dismissal from this case. That is, the court would conclude that 28 U.S.C. § 1441(c) and/or 1367(c) mandated remand following Chase's dismissal, for the reasons set forth in

---

[1] Virtually identical fact patterns were present in *Jenkins* and *Hunter.*

plaintiff's brief and reply brief in support of remand. Plaintiff's motion [26-1] to remand this case to the Circuit Court of Leflore County will therefore be granted.

**SO ORDERED**, this the 26th day of May, 2006.

                                                    **/s/ Michael P. Mills**
                                                    **UNITED STATES DISTRICT JUDGE**